GARWOOD, Circuit Judge,
concurring in part and dissenting in part.
I concur in so much of the majority opinion as relates to the Texas Anti-Dilution Statute.
However, in my view likelihood of confusion, which Financial has the burden of showing, is not adequately established.
I agree with the majority opinion’s careful analysis of most of the digits of confusion and with its conclusion that several do not support likelihood of confusion, namely identity of retail outlets and purchasers (which are clearly and markedly distinct), identity of advertising media (Auto does not advertise), and intent of defendants (there is no evidence Auto adopted its mark with the intent of deriving benefit from the reputation of Financial). I also agree that Financial’s mark is arbitrary and strong, that the marks are similar, and that the evidence of actual confusion “is weak” and “not highly probative of likelihood of confusion.”
That leaves similarity of products or services, which in my view is crucial in this setting. I disagree with the conclusion that “consumers are likely to view the parties’ businesses as logically affiliated or connected.” As the majority notes, “Auto offers only non-standard automobile insurance; it does not offer mutual or investment services. Financial offers only mutual funds and related financial services; it does not offer insurance. Neither party has plans to offer the services currently provided by the other.” It may well be true in the case of life insurance or annuities that “[cjonsumers ... are familiar with numerous third-party companies that offer both financial and insurance services under the same mark.” But that is simply not true in respect to insurance companies, such as Auto, offering only non-standard automobile insurance. Financial’s customers are investors; Auto’s customers are those who want automobile liability insurance but can only afford the “non-standard” variety. Auto’s customers are not going to be buying Financial’s investments. Financial customers — actual and potential — are not going to be buying non-standard automobile insurance. That in the rare and unlikely event a Financial customer might conceivably think — if he thought about it at all — that there was an affiliation between Financial and Auto when he makes a claim on another driver’s non-standard Auto policy is simply not enough to carry the day.
Likelihood of dilution is adequately shown as the majority well explains. But, in real life, any meaningful actual confusion seems unlikely.
I therefore dissent from the majority’s holding on likelihood of confusion.